# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TEXTRON FINANCIAL CORPORATION,
a Delaware corporation,

    Plaintiff/Counter-Defendant,

vs.                                                CASE NO. 3:09-cv-002-J-34TEM

RV HAVING FUN YET, INC., a Florida
corporation, and PHILLIP ORENSTEIN, an
individual,

    Defendants/Counter-Claimants.
_____/

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on:

1.    Plaintiff/Counter-Defendant Textron Financial Corporation's ("Plaintiff") Motion to Compel Production of Documents (Doc. #57, Motion to Compel) and Defendants/Counter-Claimants' ("Defendants") response thereto (Doc. #59);

2.    Defendants' Unopposed Motion to Withdraw as Counsel of Record (Doc. #60, Motion to Withdraw);

3.    Defendants' Renewed Unopposed Motion to Withdraw as Counsel of Record (Doc. #66);

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

4. The Court's August 17, 2009 Order (Doc. #64) granting, in part, Plaintiff's Motion to Compel Production of Documents (Doc. #57);

5 Plaintiff's Status Report and Motion for Discovery Sanctions (Doc. #65);

6. The Court's November 9, 2009 Show Cause Order regarding Defendants' failure to comply with the Court's August 17, 2009 Order (Doc. #68) and Defendants' response thereto (Doc. #69);

7. The Court's December 21, 2009 Order, which directed Defendants to comply, by specific dates certain, with the Court's prior Orders, *supra*; and

8. Plaintiff's unopposed motion to continue mediation (Doc. #67).

On August 14, 2009, a hearing was held before the undersigned (Doc. #63, Minutes).[2] For the reasons stated on the record at the hearing and in the Court's August 17, 2009 Order (Doc. #64), the Court granted, in part, Plaintiff's Motion to Compel Production of Documents (Doc. #57) and held Defendants' Unopposed Motion to Withdraw as Counsel of Record (Doc. #60) in abeyance until September 1, 2009.[3]

The Court's August 17, 2009 Order additionally provided that Defendant RV Having Fun Yet, Inc. would have until September 1, 2009 within which to deliver to Plaintiff's counsel outstanding discovery materials (Doc. #64 at 3). In addition, since under the Local Rules of this Court a corporation cannot proceed *pro se,* the Order directed RV Having Fun Yet, Inc. to actively seek new counsel to represent it in this matter (Doc. #64 at 3).

---

[2]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

[3]The facts and conclusions set forth in the Court's August 17, 2009 Order (Doc. #64) are hereby incorporated by reference.

At the hearing, the Court forewarned Defendant RV having Fun Yet, Inc. that failure to procure new counsel to represent it in this matter could result in: (1) a default judgment being entered against it; and (2) its counterclaim for tortious interference with business relationships being dismissed.

On September 17, 2009, Plaintiff filed a Status Report and Motion for Sanctions (Doc. #65), wherein Plaintiff advised that Defendants never delivered to it the outstanding discovery materials, *supra* (Doc. #65 at 2). As a result, Plaintiff seeks: (1) to preclude Defendants from introducing into evidence any documents that have been requested by Plaintiff but not produced by Defendants; and (2) its costs and attorneys' fees associated with bringing the Motion to Compel (Doc. #57) (Doc. #65 at 4-5). The time for responding to Plaintiff's motion for sanctions (Doc. #65) has expired, and no response in opposition has been filed.[4]

On October 7, 2009, counsel for Defendants renewed the motion to withdraw (Doc. #66), citing irreconcilable differences as the basis for the motion (Doc. #66). The renewed motion, however, did not state whether Defendants had procured new counsel (*see* Doc. #66). Consequently, on November 9, 2009, the Court entered an Order to Show Cause (Doc. #68) as to why the undersigned should not recommend to the District Judge: (1) that a default judgment be entered against Defendant RV Having Fun Yet, Inc. for failure to defend the action; (2) that Defendant RV Having Fun Yet, Inc.'s counterclaim be dismissed for failure to prosecute; (3) that Defendants be precluded from introducing into evidence any documents that have been requested by Plaintiff but not produced by Defendants; and

---

[4]The motion was filed September 17, 2009; therefore, any response in opposition would have been due on or before October 5, 2009.

(4) that Plaintiff be awarded its costs and attorneys' fees associated with bringing the Motion to Compel (Doc. #68 at 3).

On November 25, 2009, Defendants filed a response to the Show Cause Order (Doc. #69), wherein Defendants stated that: (1) Defendant RV Having Fun Yet, Inc. was engaged in an attempt to procure new counsel and that it was "close to retaining another attorney;" and (2) due to medical complications, Defendant Phillip Orenstein was "unable to locate or compile" the additional documentation required by the Court's August 17, 2009 Order granting, in part, Plaintiff's Motion to Compel (Doc. #64) (Doc. #69 at 3).[5] In addition, Defendants requested that: (1) they be given additional time to procure new counsel; (2) the Court reserve ruling on Plaintiff's request for costs and attorneys' fees until such time as the instant matters are resolved; and (3) counsel for Defendants be permitted to withdraw due to irreconcilable differences (Doc. #69 at 3).

On December 21, 2009, the Court entered yet another Order regarding these matters (Doc. #74, Order). In the Order, the Court required that Defendant RV Having Fun Yet, Inc. procure new counsel by January 20, 2010 (Doc. #74 at 4). In addition, the Court provided that, if a notice of appearance is not filed on behalf of Defendant RV Having Fun Yet, Inc. by January 20, 2010, the undersigned would recommend to the District Judge: (1) that defense counsel's renewed motion to withdraw as counsel of record (Doc. #66) be

---

[5]One of the reasons proffered by Defendant Phillip Orenstein for not having complied with Plaintiff's request for production of documents was that he was having medical complications, related to an alleged spider bite, that required extensive bed rest (Doc. #59 at 2). Defense counsel stated that, although Mr. Orenstein's health showed signs of improvement and Mr. Orenstein was able to locate some responsive documents, it was his intention to provide the Court with medical records and/or doctors' notes for the Court's *in camera* review (Doc. #59 at 2). Due to irreconcilable differences and a breakdown in communication, however, defense counsel stated he was unable to obtain said medical records from Mr. Orenstein (Doc. #59 at 2). Although the undersigned continues to take Mr. Orenstein at his word, in the future, if Mr. Orenstein desires that the Court give deference to his alleged medical condition(s), he will be required to provide the Court with evidence of the same.

4

granted; (2) that a default judgment be entered against Defendant RV Having Fun Yet, Inc. for failure to defend; and (3) that Defendant RV Having Fun Yet, Inc.'s counterclaim for tortious interference with business relationships be dismissed for failure to prosecute (Doc. #74 at 4).

With respect to Defendant Phillip Orenstein, said Order additionally required that Mr. Orenstein produce the documents set forth in the Court's Order granting, in part, Plaintiff's Motion to Compel (Doc. #64) by January 20, 2010 (Doc. #74 at 5). The Order provided that, if Defendant Phillip Orenstein could not comply with the Order because of medical complications, he would have until January 25, 2010 within which to provide the Court with medical evidence reflecting the same (Doc. #74 at 5). Otherwise, the undersigned forewarned Mr. Orenstein that he would recommend to the District Judge that Mr. Orenstein be precluded from introducing into evidence any documents that have been requested by Plaintiff but not produced by him (Doc. #74 at 5).

The undersigned also noted that he would reserve any recommendation regarding Plaintiff's request for costs and attorneys' fees until after the January 20, 2010 deadline, *supra* (Doc. #74 at 5).

As of the date of this Report and Recommendation, the deadlines provided for by the Court's December 21, 2009 Order (Doc. #74) have expired with no response by Defendants. In addition, Mr. Orenstein has not filed any document regarding his alleged medical complications. Moreover, on January 22, 2010, Plaintiff filed a status report with the Court (Doc. #77), wherein Plaintiff reported that it has not received any documents or communications from Defendant Orenstein or his counsel in response to the Court's

5

December 21, 2009 Order (Doc. #74) or its prior Order of August 17, 2009 granting, in part, Plaintiff's Motion to Compel (Doc. #64) (Doc. #77 at 1).

Based on the foregoing, it is hereby **RECOMMENDED**:

1. Defense counsel's renewed motion to withdraw as counsel of record (Doc. #66) be **GRANTED**.

2. **DEFAULT JUDGMENT be entered against Defendant RV Having Fun Yet, Inc.** for failure to defend.

3. **Defendant RV Having Fun Yet, Inc.'s counterclaim** for tortious interference with business relationships **be DISMISSED** for failure to prosecute since a corporation may not proceed *pro se*.

4. Defendant Mr. Orenstein, who will now be proceeding *pro se*, be **precluded from introducing into evidence** any documents that have been requested by Plaintiff but not produced by Mr. Orenstein.

5. **Plaintiff be awarded its reasonable costs and attorneys' fees** associated with the instant matters.

6. **Plaintiff be required to submit an affidavit** setting forth its requested costs and attorneys' fees.

7. Plaintiff's unopposed motion to continue mediation (Doc. #67) be **GRANTED**.

8. The District Court set an appropriate, new mediation deadline.

**DONE AND ENTERED** at Jacksonville, Florida this 12th day of February, 2010.

Copies to all counsel of record
and

Phillip Orenstein
86184 Maple Leaf Place,
Yulee, FL 32097

THOMAS E. MORRIS
United States Magistrate Judge