UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TEXTRON FINANCIAL CORPORATION,

          Plaintiff,

vs.                                  Case No. 3:09-cv-2-J-34TEM

RV HAVING FUN YET, INC., a Florida
corporation, and PHILLIP ORENSTEIN, an
individual,

          Defendants.
_____/

# **O R D E R**[1]

**THIS CAUSE** is before the Court on various motions. Plaintiff/Counter-Defendant Textron Financial Corporation (Textron) filed Plaintiff's Motion to Compel Production of Documents and Incorporated Memorandum of Law (Doc. No. 57; Motion to Compel) on June 5, 2009. Defendants RV Having Fun Yet, Inc. (RV Fun) and Phillip Orenstein filed a response on June 15, 2009. See Defendants' Response to Plaintiff's Motion to Compel Production of Documents (Doc. No. 59; Response to Motion to Compel). Additionally, counsel for the Defendants filed an Unopposed Motion to Withdraw by Defendants' Counsel (Doc. No. 60; First Motion to Withdraw) on June 19, 2009, and a Renewed Unopposed Motion to Withdraw as Counsel for the Defendants (Doc. No. 66; Second Motion to Withdraw) on October 7, 2009, (collectively, Motions to Withdraw). Not having achieved resolution of the discovery dispute with Defendants, Textron filed a Status Report and Motion

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

for Discovery Sanctions (Doc. No. 65; Motion for Sanctions) on September 17, 2009. Defendants have not responded to the Motion for Sanctions. See generally Docket. Most recently, in light of the procedural posture of the case, Textron filed an Unopposed Motion to Postpone Mediation and for Leave for Telephonic Attendance at Mediation (Doc. No. 67; Motion to Postpone Mediation) on October 22, 2009. The above referenced motions were referred to the Honorable Thomas E. Morris, United States Magistrate Judge, for appropriate resolution. In the Report, Judge Morris recommends that the Court: (1) grant the Second Motion to Withdraw, (2) enter default judgment against RV Fun for failure to defend and dismiss RV Fun's counterclaim for failure to prosecute, (3) preclude Orenstein from introducing into evidence those documents that have been requested by Textron but not produced by Orenstein, (4) award Textron its reasonable costs and attorneys' fees associated with the instant matters, (5) require Plaintiff to submit an affidavit setting forth its requested costs and attorneys' fees, and (6) grant Textron's Motion to Postpone Mediation and set a new mediation deadline. See Report at 6. Although Judge Morris advised the parties of their right to file objections to the Report, neither party has filed any objections and the time for doing so has passed. See Report at 1 n.1. Accordingly, these matters are ripe for resolution.

**I.     Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72(b), Federal Rules of Civil

Procedure (Rule(s)), advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam). Therefore, if no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

## II. Background

After allowing Defendants multiple extensions of time to respond to its discovery requests, see Motion to Compel at 2-3, Textron filed the Motion to Compel requesting that the Court compel RV Fun and Orenstein to produce all documents responsive to Textron's First Request for Production of Documents, and that the Court award Textron the attorneys' fees and costs associated with bringing the Motion to Compel. See Motion to Compel at 11. In response, Defendants provided Textron with "some limited documentation" responsive to the discovery requests and, in light of Orenstein's "numerous health issues," sought additional time to respond to the "outstanding document requests." See Response to Motion to Compel ¶¶ 3, 5-6, 11. At the same time, Defendants' counsel filed the First Motion to Withdraw in which he sought permission to withdraw as counsel of record for Defendants, citing "irreconcilable differences" with them. See First Motion to Withdraw ¶ 1. On August 17, 2009, Judge Morris entered an Order (Doc. No. 64) granting the Motion to Compel, allowing Defendants until September 1, 2009, to respond to the discovery requests, and

reserving ruling on the request for attorneys' fees and costs.[2] See Order (Doc. No. 64) at 3. Additionally, noting that a corporate entity generally cannot proceed pro se in federal court, Judge Morris directed RV Fun to "actively seek new counsel to represent it in this matter" and held the First Motion to Withdraw in abeyance until September 1, 2009. Id. at 2-3.

September 1, 2009, came and went, however, with no action on the part of the Defendants. See Motion for Sanctions ¶ 6. Thus, on September 17, 2009, Textron filed the Motion for Sanctions. In the Motion for Sanctions, Textron informed the Court that Defendants had still failed to produce the requested documents, see Motion for Sanctions ¶ 10, and asked the Court to "issue an order precluding the Defendants from using any documents that are responsive to the Request in the instant action that have not already been produced as of [September 17, 2009]." Id. ¶ 11. Defendants did not respond to the Motion for Sanctions. However, on October 7, 2009, counsel for Defendants filed the Second Motion to Withdraw in which he represented that he and his clients continued to have irreconcilable differences, and additionally, that his clients had requested that he cease his representation of them. See Second Motion to Withdraw ¶¶ 5-6. Thereafter, Textron filed the Motion to Postpone Mediation requesting that the Court postpone the scheduled mediation. See Motion to Postpone Mediation. In support of its request, Textron cited the uncertainty regarding Defendants' legal representation and the possibility that a default

---

[2] Prior to entering the Order, Judge Morris held a hearing on the matter. See Minute Entry (Doc. No. 63; Motion Hearing), entered August 14, 2009.

-4-

judgment may be entered against RV Fun if it fails to obtain proper representation.[3]  See Motion to Postpone Mediation ¶¶ 6-9.

On November 9, 2009, Judge Morris entered an Order (Doc. No. 68; Order to Show Cause), directing RV Fun to show cause by November 25, 2009, why he should not recommend to the undersigned that default judgment be entered against it for failure to defend and that its counterclaim be dismissed for failure to prosecute.  See Order to Show Cause at 3.  Additionally, Judge Morris directed Orenstein to show cause by November 25, 2009, why he should not recommend that Defendants be precluded from introducing into evidence any documents that have been requested by Textron but not produced by Defendants, as well as why Textron should not be awarded the attorneys' fees and costs associated with filing the Motion to Compel.  Id.  On November 25, 2009, Defendants responded to the Order to Show Cause.  See Response to Court's November 9, 2009 Order to Show Cause (Doc. No. 69; Response to the Order to Show Cause).  In the Response to the Order to Show Cause, Defendants stated that they were "close to retaining another attorney" and cited their limited financial means and Orenstein's ongoing health problems as the reason for their failure to comply previously.  Id. ¶¶ 7-8.  Additionally, Defense Counsel John Kozak stated that he had not received any documents from RV Fun or Orenstein responsive to Textron's discovery requests, and that he and Defendants continued to have "irreconcilable differences."  Id. ¶¶ 9, 12.  Nevertheless, he requested that the Court give Defendants additional time to comply with its Orders before ruling.  See id. at 3.

---

[3] In the Motion to Postpone, Textron also requested that the Court allow the Textron representative to attend the mediation by telephone.  Id. ¶ 10.

-5-

In consideration of the representations in the Response to the Order to Show Cause, on December 21, 2009, Judge Morris entered an Order (Doc. No. 74) granting Defendants one final opportunity to comply with the Court's Orders. See Order (Doc. No. 74) at 4-5. Judge Morris directed RV Fun to retain new counsel by January 20, 2010, and warned that failure to do so would result in a recommendation to the District Judge:

> (1) that defense counsel's renewed motion to withdraw as counsel of record (Doc. #66) be granted; (2) that a default judgment be entered against Defendant RV Having Fun Yet, Inc. for failure to defend; and (3) that Defendant RV Having Fun Yet, Inc.'s counterclaim for tortious interference with business relationships be dismissed for failure to prosecute.

Id. at 4. Likewise the Magistrate Judge granted Orenstein until January 20, 2010, to produce the required documents, or, if his health prevented him from doing so, to provide the Court with medical evidence by January 25, 2010, supporting his contention that he was unable to comply due to medical problems. Id. at 5. Judge Morris cautioned Orenstein that if he failed to comply with the Order, Judge Morris would "recommend to the District Judge that Defendants be precluded from introducing into evidence any documents that have been requested by Plaintiff but not produced by Defendants." Id. Finally, Judge Morris stated that he would reserve his recommendation regarding attorneys' fees until after the January 20, 2010 deadline. Id.

A review of the docket reveals that RV Fun has not yet retained new counsel in this action. See generally Docket. Additionally, Textron filed a status report stating that the Defendants have still not produced the requested documents. See Textron Financial Corporation's Status Report Pursuant to Court Order Dated January 11, 2010 (Doc. 76) (Doc. No. 77; Status Report), filed January 22, 2010. Accordingly, Judge Morris entered the

Report recommending that these matters be resolved in the manner stated above. See Report at 6.

## III. Discussion

### A. RV Having Fun Yet, Inc.

The Magistrate Judge recommends that the Court grant the Second Motion to Withdraw, enter default judgment against RV Fun for failure to defend, and dismiss RV Fun's counterclaim for failure to prosecute. Upon consideration of the record in this action, the Court agrees with this recommendation. At the Motion Hearing held on August 14, 2009, Judge Morris warned RV Fun that its failure to procure new counsel could result in the entry of default judgment against it and the dismissal of its counterclaim. See Order (Doc. No. 74) at 2. In the months that followed, Judge Morris entered three Orders (Doc. Nos. 64, 68, 74) advising RV Fun that a corporate entity is generally not permitted to proceed pro se, and directing RV Fun to seek and retain new counsel.[4] See Order (Doc. No. 64) at 2-3; Order to Show Cause at 3; Order (Doc. No. 74) at 4. The Orders warned RV Fun of the serious consequences for failing to do so. See Order (Doc. No. 64) at 2; Order to Show Cause at 3; Order (Doc. No. 74) at 4. Despite being given ample time to find new counsel, RV Fun has failed to comply with these Court Orders or to provide any cause for that failure.

"It is well established that the district court has authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." Flaska v. Little River Marine

---

[4] The law is well settled that "a corporation is an artificial entity which cannot appear pro se in legal proceedings but must be represented by counsel." Fed. Trade Comm'n v. Gem Merch. Corp., No. 95-8364, 1995 WL 623168, at *1 (11th Cir. Sept. 1, 1995) (per curiam); see also Local Rule 2.03(e), United States District Court, Middle District of Florida (Local Rule(s)).

Constr., Co., 389 F.2d 885, 887 (5th Cir. 1968).[5] Indeed, where a party demonstrates bad faith, district courts possess the inherent power to impose such sanctions "in the interest of the orderly administration of justice." Flaska, 389 F.2d at 887 (internal quotations omitted); In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006); Ward v. Real Ships, Inc., No. 09-0065-WS-N, 2009 WL 2783217, at *1 (S.D. Ala. Aug. 31, 2009). "'A party . . . demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'" Sunshine Jr. Stores, 456 F.3d at 1304 (quoting Byrne v. Nezhat, 261 F.3d 1075, 1121 (11th Cir. 2001)). However, "'because of their very potency, inherent powers must be exercised with restraint and discretion.'" Id. at 1305 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)).

Additionally, Rule 16(f) authorizes a court to impose sanctions "if a party or its attorney: . . . fails to obey a scheduling or other pretrial order." Sanctions under this Rule are designed to "punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). A court may impose the same sanctions under Rule 16(f) that are permitted for discovery violations under Rule 37(b)(2)(A)(ii)-(vii). See Rule 16(f). Thus, a court is authorized to render a default judgment against a party that fails to comply with the court's pretrial orders. See Rule 16(f); Rule 37(b)(2)(A)(vi).

However, "the decision to enter a default judgment[ ] ought to be a last resort-ordered only if noncompliance with [court] orders is due to willful or bad faith disregard for those

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

orders." Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) (alterations added); Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). As such, this sanction is warranted "only on a clear record of delay or willful contempt." Central Fla. Council Boy Scouts of Am., Inc. v. Rasmussen, No. 6:07-cv-1091-Orl-19GJK, 2009 WL 2781540, at *5 (M.D. Fla. Aug. 28, 2009). Indeed, as a sanction, default judgment is appropriate only "'when less drastic sanctions would not ensure compliance with the court's orders.'" Sunshine Jr. Stores, 456 F.3d at 1306 (quoting Malautea, 987 F.2d at 1542.). Thus, a court should apply this sanction only in "extreme circumstances." See Flaska, 389 F.2d at 888.

Upon examination of the record in this case, the undersigned concludes that RV Fun's failure to comply with its litigating obligations and continued disregard of the three Court Orders directing it to obtain new counsel is willful and in bad faith. RV Fun has been ordered since the Motion Hearing on August 14, 2009, to obtain substitute counsel to represent it in this action. See Order (Doc. No. 74) at 2. Additionally, RV Fun was made aware at the hearing, and warned in three Court Orders since then, that failure to secure new counsel could ultimately result in default judgment against it and the dismissal of its counterclaims. See Order (Doc. No. 64) at 2; Order to Show Cause at 3; Order (Doc. No. 74) at 2, 4. It has nevertheless elected not to obtain new counsel, and moreover, has not provided the Court

with a satisfactory cause for this noncompliance.[6] See generally Response to the Order to Show Cause.

"The failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment, even absent violations of other rules or orders." CNH Capital Am., LLC v. Se. Aggregate, Inc., No. 608CV027, 2009 WL 2391242, at *2 (S.D. Ga. Aug. 4, 2009) (quoting Am. Res. Ins. Co, 2008 WL 4701350, at *3). Here, although RV Fun's failure to obtain substitute counsel alone is likely sufficient, it is not the sole basis warranting the entry of default in this matter. See id. Indeed, the record also shows that RV Fun failed to comply with the Magistrate Judge's discovery Order, and never provided a sufficient reason for its failure to do so. See Order (Doc. No. 64) at 3 (directing RV Fun to respond to Textron's outstanding discovery requests); Order to Show Cause at 2-3; see generally Response to the Order to Show Cause. Moreover, after RV Fun failed to produce the requested documents by the Court-ordered deadline, Textron filed a Motion for Sanctions to which RV Fun never responded. See Order to Show Cause at 2-3. Finally, in the time since Judge Morris entered the Report recommending default judgment, RV Fun has neither filed objections to the Report, nor complied with its Court-ordered obligations to obtain proper counsel and produce the requested documents. See generally

---

[6] To the extent RV Fun argued that it failed to comply with the Magistrate Judge's Orders because it can not afford to hire a new attorney, it cited no legal authority for the proposition that financial hardship excuses the requirement that a corporation be represented by counsel. See Response to the Order to Show Cause ¶ 7. Indeed, a review of the case law suggests that there is no such exception to the rule. Am. Res. Ins. Co., Inc. v. Evoleno Co., LLC, No. 07-0035-WS-M, 2008 WL 4701350, at *2 n.2 (S.D. Ala. Oct. 23, 2008) ("[D]efault judgment is proper even when the unrepresented artificial entity asserts impecuniousness.") (citing Tropicana Prod., Inc. v. Vero Beach Groves, Inc., 1993 WL 73693, at *1, 5 (1st Cir. 1993)); John's Insulation, Inc. v. L. Addison and Assoc., Inc., 156 F.3d 101, 109 (1st Cir. 1998); Sheet Metal Workers' Internat'l Assoc. Local 18 v. Star Fire Fireplace Installation Inc., No. 09-cv-46, 2009 WL 1871740, at *1 (E.D. Wis. June 25, 2009).

Docket. RV Fun's willful refusal to comply with this Court's Orders has unreasonably delayed the progression of this action and continues to interfere with the Court's management of the case and its docket. This Court finds that RV Fun, through its actions, has demonstrated bad faith warranting the imposition of the sanction of default judgment.

Upon review of this record of noncompliance, the Court is convinced that a lesser sanction than the entry of default judgment will not suffice. In each of the Orders directing Defendants to comply with Textron's discovery requests and ordering RV Fun to obtain substitute counsel, Judge Morris explicitly warned RV Fun that failure to comply could result in the entry of default judgment against it. Yet, each Order was met with the same willful refusal to comply.[7] RV Fun's defiance in the face of such clear warnings demonstrates that imposing a less drastic sanction will not ensure compliance with the Court's Orders. See Am. Res. Ins. Co, 2008 WL 4701350, at *3 (finding that no lesser sanction will suffice where "[Defendant] has made plain that it is no respecter of warnings of default judgment and that it will continue to ignore all court orders until default judgment is entered"). In light of the foregoing, and pursuant to the Court's authority under Rule 16(f), the entry of default judgment is warranted.

However, default is merely "'an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" Id. at 3

---

[7] The Court notes that this is not a case where the record of noncompliance is attributable to the improper conduct of an attorney, rather than the party itself. Cf. Goforth, 766 F.2d at 1535 ("A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the [party] is not actually culpable."); Flaska, 389 F.2d at 889. Rather, it is apparent from the record that RV Fun has had notice of its Court-ordered obligations and is itself responsible for the failure to comply. See Second Motion to Withdraw ¶ 4; Response to Order to Show Cause ¶¶ 6-7, 9; Response to Plaintiff's Motion for Summary Judgment and Second Renewed Motion to Withdraw as Counsel for the Defendants (Doc. No. 82) ¶ 6, filed March 10, 2010.

(quoting <u>Pitts ex rel. Pitts v. Seneca Sports, Inc.</u>, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004)). Thus, before entering default judgment, the Court must ensure that it has jurisdiction of the claims and that the Verified Complaint (Doc. No. 1) adequately states a claim for which relief may be granted. See <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975); see also <u>GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs., Ltd.</u>, 218 F.Supp.2d 1355, 1359 (M.D.Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). As the Court previously determined in its consideration of the Motion for Temporary Restraining Order Without Notice, and Supporting Memorandum of Law and Certificate in Support of Motion (Doc. No. 2) and the Amended Motion for Preliminary Injunction and Supporting Memorandum of Law (Doc. No. 23), jurisdiction is proper and the Verified Complaint sufficiently states a claim for relief against RV Fun. See Verified Complaint; Order (Doc. No. 7), entered January 5, 2009; Order (Doc. No. 39), entered January 20, 2009. Thus, the Court turns next to the issue of damages. "[E]ven in the default judgment context, '[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters.'" <u>Ward</u>, 2009 WL 2783217, at *4 (quoting <u>Anheuser Busch, Inc. v. Philpot</u>, 317 F.3d 1264, 1266 (11th Cir. 2003)). Ordinarily, an evidentiary hearing is required to determine the amount of damages, however, where the record is sufficient, a court may be able to determine damages without a hearing. See <u>id.</u>; Rule 55(b)(2)(B); <u>see</u> <u>also</u> <u>Sec. & Exch. Comm'n v. Smyth</u>, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005). Upon review of the record, the Court will refer this matter to the Magistrate Judge for a recommendation as to the appropriate amount of damages, and to conduct, if

necessary, an evidentiary hearing on the matter. See Smyth, 420 F.3d at 1232 n.13 (stating that no hearing is necessary "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages").

With respect to RV Fun's counterclaim, Local Rule 3.10 authorizes the Court to dismiss a claim for failure to prosecute. Specifically, Local Rule 3.10 states:

> [w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

See Local Rule 3.10. As a general rule, RV Fun can not prosecute its counterclaim unless it is represented by counsel. See Local Rule 2.03(e). Moreover, after RV Fun failed to obtain proper counsel by the first Court-ordered deadline, the Magistrate Judge entered the Order to Show Cause directing RV Fun to show cause why the counterclaim should not be dismissed for failure to prosecute. See Order to Show Cause at 3. In its Response to the Order to Show Cause, RV Fun asserted that it is "close to retaining another attorney" and stated that it had not done so thus far due to its "limited financial means and the financial burdens imposed on him by virtue of this lawsuit and the Plaintiff's actions in this matter." See Response to the Order to Show Cause ¶¶ 6-7.

In light of those representations, Judge Morris entered an Order granting RV Fun until January 20, 2010, to retain new counsel. Order (Doc. No. 74) at 4. However, despite being "close to retaining another attorney" at the time of the November 25, 2009 Response to the Order to Show Cause, RV Fun still failed to obtain substitute counsel by the Court's extended deadline. See Report at 5; see generally Docket. Indeed, to date, RV Fun has not

retained proper counsel to represent it in this action. See generally Docket. Moreover, RV Fun has not presented any "satisfactory cause" for its ongoing failure to comply with the Court's Orders. To the extent RV Fun argued that its financial hardships prevented it from retaining new counsel, as the Court previously noted, a corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings. See supra note 6. Because RV Fun has presented "no satisfactory cause" for its failure to obtain substitute counsel as ordered by the Magistrate Judge, pursuant to Local Rule 3.10, the Court will dismiss RV Fun's counterclaim for failure to prosecute.

### B. Phillip Orenstein

As a preliminary matter, the Court notes that the Motion to Compel and the Motion for Sanctions are both matters within the authority of the Magistrate Judge to determine, without the need to submit a recommendation to this Court. See 28 U.S.C. § 636(b)(1)(A). Because these matters were addressed in the Report and Orenstein was advised of his right to object to the recommendations, however, the Court will, in an abundance of caution, review the recommendations of the Magistrate Judge. Judge Morris recommends that the Court preclude Orenstein from introducing into evidence any documents that are the subject of the Motion to Compel but were not produced by Orenstein to Textron. See Report at 6. Rule 37(b)(2)(A)(ii) specifically permits such a sanction when a party does not obey a discovery order. Here, Judge Morris entered three Orders directing Orenstein to produce the requested documents. See Order (Doc. No. 64) at 3; Order to Show Cause at 3; Order (Doc. No. 74) at 5. In light of Orenstein's representations regarding his serious health problems, Judge Morris directed Orenstein to submit medical evidence supporting his claim

that he was unable to comply with the discovery orders due to his health problems. See Order (Doc. No. 74) at 5. Orenstein has neither produced the requested documents nor submitted medical documentation justifying his failure to do so. See Report at 5. Accordingly, this Court concludes that the Magistrate Judge's recommended sanction, which is specifically authorized by Rule 37, is appropriate.

Additionally, the Court finds that an award of attorneys' fees and costs is appropriate pursuant to Rule 37(b)(2)(C). Rule 37(b)(2)(C) provides that the Court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Orenstein has identified, and the Court independently can discern, no basis that would render an award of attorneys' fees and costs unjust in this matter. Nor has Orenstein offered any substantial justification for his willful and persistent refusal to comply with the Magistrate Judge's Orders. Judge Morris repeatedly warned Orenstein that failure to comply could result in an award of attorneys' fees and costs and provided Orenstein ample opportunity to comply with the Orders. See Order (Doc. No. 64) at 3; Order to Show Cause at 3; Order (Doc. No. 74) at 5. To the extent Orenstein argued that his health issues interfered with his ability to comply with the Orders, Judge Morris directed Orenstein to submit medical documentation in support of this contention and Orenstein failed to do so. See Order (Doc. No. 74) at 5; Report at 5. Accordingly, the Court will accept the Magistrate Judge's recommendation that Textron's request for attorneys' fees and costs is due to be granted.

### C. Mediation

Finally, the Magistrate Judge recommends that the Court grant the Motion to Postpone Mediation. See Report at 6. In light of the lack of progress in this action, and to allow for an effective mediation, the Court finds that the parties should be afforded additional time to conduct the mediation in this matter. Accordingly, the Court will grant the parties until **April 16, 2010**, to conduct the mediation. In the Motion to Postpone Mediation, Textron also requests leave of Court to allow the representative of Textron to appear telephonically at the mediation. See Motion to Postpone Mediation ¶ 10. In support of its request, Textron states that its representative is located out of state and that Orenstein has previously threatened to harm a Textron representative. Id. at 3, 3 n.1. It is the practice of the undersigned to require that mediation be conducted in person. While the parties are encouraged to communicate via telephone at any time to attempt to resolve this matter, if they are unable to do so within the time frame set forth in this Order, they must meet in person. However, if Textron is genuinely concerned about the safety of its representative, see id. at 3 n.1, it may request that the mediation occur in the Bryan Simpson United States Courthouse, thereby ensuring that all parties pass through a security screening before attending mediation.

Accordingly, after an independent examination of the record and a de novo review of the legal conclusions, the Court finds no error and will adopt the recommendations of the Magistrate Judge to the extent not inconsistent with the foregoing. As such, it is

**ORDERED**:

1. Magistrate Judge Morris' Report and Recommendation (Doc. No. 78) is **ADOPTED** to the following extent:

   A. The Renewed Unopposed Motion to Withdraw as Counsel for the Defendants (Doc. No. 66) is **GRANTED**.

   B. Defendant RV Having Fun Yet, Inc. is in default, and the factual allegations in the Verified Complaint (Doc. No. 1) are deemed admitted by Defendant RV Having Fun Yet, Inc.

   C. In accordance with 28 U.S.C. § 636(b) and Local Rule 6.01(b), the undersigned refers the determination of the damages issue to the Honorable Thomas E. Morris, United States Magistrate Judge, for a recommendation as to the appropriate award of damages against Defendant RV Having Fun Yet, Inc.

   D. Defendant RV Having Fun Yet, Inc.'s Counter-Complaint (Doc. No. 43 at 6-9) is **DISMISSED, without prejudice**, for failure to prosecute.

   E. Plaintiff Textron's Status Report and Motion for Discovery Sanctions is **GRANTED** as follows:

      (a) Defendant Orenstein shall not introduce into evidence any documents encompassed by the Motion to Compel (Doc. No. 57) but not produced by Defendant Orenstein as of the date of this Order.

      (b) To the extent Plaintiff is seeking an award of attorneys' fees and costs, that determination is within the authority and properly

>                    before the Magistrate Judge as part of the Motion to Compel and
>                    Motion for Sanctions. Accordingly, Plaintiff should file an
>                    affidavit setting forth its requested costs and attorneys' fees for
>                    the Magistrate Judge's consideration and resolution.[8]

2. Plaintiff Textron's Unopposed Motion to Postpone Mediation and For Leave for Telephonic Attendance at Mediation is **GRANTED, in part, and DENIED, in part.**

    A. The Motion to Postpone is **GRANTED** to the extent that the remaining parties shall have up to and including **April 16, 2010,** to conduct the mediation in this matter.

    B. In all other respects, the Motion to Postpone is **DENIED**.

3. The Unopposed Motion to Withdraw by Defendants' Counsel (Doc. No. 60) and the Response to Plaintiff's Motion for Summary Judgment and Second Renewed Motion to Withdraw as Counsel for the Defendants (Doc. No. 82) are **DENIED, as moot**.

4. Defendant Orenstein, who is now proceeding pro se, shall have up to and including **April 8, 2010**, to file a response to Textron Financial Corporation's Motion for Summary Judgment with Incorporated Memorandum of Law (Doc.

---

[8] The Magistrate Judge may, in his discretion, require the parties to attempt to confer and resolve this matter before expending additional fees litigating the amount of such an award, or set any additional briefing which he deems appropriate. Regardless, any determination regarding an award of attorneys' fees as a result of the Motion to Compel need not be made in a report and recommendation.

No. 70) or the Court will treat the Motion for Summary Judgment as unopposed.[9]

**DONE AND ORDERED** at Jacksonville, Florida, on March 19, 2010.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[9] Because he is now proceeding pro se, the Court advises Orenstein to review the Summary Judgment Notice (Doc. No. 71), filed on November 27, 2009, for a brief explanation of the rules and procedures pertaining to summary judgment motions.