**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TEXTRON FINANCIAL CORPORATION,
a Delaware corporation,

      Plaintiff/Counter-Defendant,

vs.                                CASE NO. 3:09-cv-002-J-34TEM

RV HAVING FUN YET, INC., a Florida
corporation, and PHILLIP ORENSTEIN, an
individual,

      Defendants/Counter-Claimants.
_____/

**O R D E R**

This matter is before the Court *sua sponte*.  On March 19, 2010, the District Court

adopted a Report and Recommendation of the undersigned, recommending that Defendant

RV Having Fun Yet, Inc. ("RV Fun") be adjudged as being in default with respect to the

factual allegations set forth in the verified complaint (Doc. #83 at 17; *see also* Doc. #78,

Report and Recommendation).  In said Order, the District Court referred the determination

of damages against RV Fun to the undersigned for issuance of a Report and

Recommendation (Doc. #83 at 17).

Pursuant to the default, RV Fun has admitted it breached the contract that underlies

this action (*see* Doc. #1-1 at 12-15, Credit and Security Agreement; *see also* Doc. #1-1 at

16-17, Personal Guaranty).

On November 25, 2009, Plaintiff Textron Financial Corporation ("Textron") filed a

motion for summary judgment (Doc. #70), wherein it asserts it is owed: (1) $204,534.10 for

principal related to inventory that was sold without remitting payment to Textron;  (2)

$135,574.26 for a deficiency balance on items of inventory that were recovered and sold by Textron; (3) $28,994.31 for repossession and bond costs; and (4) $58,607.63 for unpaid interest and fees, plus interest which has continued to accrue since November 25, 2009 (Doc. #70 at 7-14; Doc. #89 at 2). Plaintiff subsequently filed a motion for entry of judgment (Doc. #89), wherein it attached affidavits in support of what it contends are reasonable attorneys' fees in the amount of $73,275.00 (*see* Doc. #89-1).

As the aforementioned amounts are accompanied by affidavits and other documentary evidence (*see* Doc. #70 and Doc. #89), the undersigned has determined an evidentiary hearing is not required in order to determine the amount of damages due and owing to Textron.  Where the record is sufficient, a court may determine damages without a hearing.  Rule 55(b)(2)(B); *see e.g., Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

The Court, however, does require updated information regarding the additional bond costs incurred, and the additional interest accrued, since November 25, 2009.

Based on the foregoing, it is hereby **ORDERED**:

Plaintiff shall, by **December 7, 2010**, provide the Court with: (i) the amount of the **additional bond costs** that have been **incurred since November 25, 2009**; and (ii) the amount of the **additional interest accrued since November 25, 2009**.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of November, 2010.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and Philip Orenstein

2