**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TEXTRON FINANCIAL CORPORATION,

                Plaintiff,

vs.                                                    Case No.  3:09-cv-2-J-34TEM

RV HAVING FUN YET, INC., a Florida
corporation, and PHILLIP ORENSTEIN, an
individual,

                Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 102; Report) entered on December 28, 2010, by the Honorable Thomas E. Morris, United States Magistrate Judge. Plaintiff Textron Financial Corporation ("TFC") initiated this action against Defendants, RV Having Fun Yet, Inc. ("RV Fun") and Phillip Orenstein ("Orenstein"), on January 2, 2009, by filing the Verified Complaint (Doc. No. 1; Complaint). On February 9, 2009, Defendants filed their Answer, Defenses, and Counter-Complaint (Doc. No. 43; Answer and Counterclaim), jointly alleging one claim against TFC for tortious interference with their advantageous business relationships. See Answer and Counterclaim at 8-9. TFC responded to the Defendants' counterclaim on March 2, 2009. See Plaintiff's Answer to Defendants'/Counter-Claimants' Counterclaim (Doc. No. 48; Counterclaim Answer).

TFC filed a motion on November 25, 2009, seeking summary judgment in its favor on: (1) its claim against RV Fun for breach of the Credit and Security Agreement (Doc. No. 1-2 at 12-15; Agreement), which RV Fun and TFC entered into on August 24, 2006; (2) its claim

against Orenstein to enforce the terms of the Guaranty (Doc. No. 1-2 at 16-17), which Orenstein executed in favor of TFC on August 24, 2006; and (3) RV Fun's counterclaim against TFC for tortious interference with advantageous business relationships. See Textron Financial Corporation's Motion for Summary Judgment with Incorporated Memorandum of Law (Doc. No. 70; Motion for Summary Judgment) at 10-21. On March 19, 2010, the Court adjudged RV Fun as being in default with respect to the factual allegations set forth in the Complaint and referred the determination of an appropriate award of damages against RV Fun to Judge Morris, for preparation of a report and recommendation. See Order (Doc. No. 83; March 19 Order) at 17. The Court also dismissed RV Fun's counterclaim without prejudice for failure to prosecute. See id. Thus, the March 19 Order rendered moot most of the relief sought in the Motion for Summary Judgment, leaving one issue remaining for the Court's determination: Orenstein's guarantor liability for the damages attributable to RV Fun. On September 28, 2010, the Court entered an Order granting the Motion for Summary Judgment, in part. See Order (Doc. No. 96; September 28 Order) at 11-12. Specifically, the Court ordered that upon Judge Morris' determination of the amount owed by RV Fun to TFC, judgment would be entered "in favor of TFC and against Defendant, Phillip Orenstein ('Orenstein'), as follows: Pursuant to the terms of the Guaranty, Orenstein is jointly and severally liable to Plaintiff for all amounts owed by RV Fun to Plaintiff under the terms of the Agreement." Id. at 12.

On December 28, 2010, Judge Morris entered the instant Report, recommending that judgment be entered against RV Fun and in favor of TFC for $532,359.91, consisting of: (1) $340,108.36 for unpaid principal that RV Fun owes to TFC under the Agreement; (2)

$39,994.31 for the repossession and bond costs incurred by TFC through November 20, 2010; (3) $85,771.42 for the unpaid interest and fees accrued through November 30, 2010;[1] and (4) $66,485.82 for attorneys' fees.  See Report at 5,12.  In addition, Judge Morris recommends that: (1) TFC be awarded post-judgment interest at the statutory rate; and (2) "the Judgment enure to **RV Having Fun Yet Inc.** as opposed to RV Having Fun Yet, Inc."[2] Id. at 12 (emphasis in Report).  Although Judge Morris advised the parties of their right to file objections to the Report, no objections have been filed and the time for doing so has passed.[3]  See Report at 1 n.1.  Accordingly, this matter is ripe for disposition.

---

[1] On November 25, 2009, TFC filed the Affidavit of Mark Ryan in Support of TFC's Motion for Summary Judgment (Doc. No. 70-7; Ryan Aff.), in which Mark Ryan, a Vice President of Operations for TFC, attested that as of that date, RV Fun owed TFC: (1) $58,607.63 for unpaid interest and fees; $13,083.00 for costs incurred from the maintenance of the bond; and (3) $15,911.31 for repossession expenses.  See Ryan Aff. at 6.  On November 30, 2010, TFC filed the Notice of Updated Interest and Bond Fees Pursuant to Court's Request (Doc. No. 101; Notice) to which it attached the Affidavit of Larry Frye of Textron Financial Corporation (Doc. No. 101-1; Frye Aff.).  In the Frye Affidavit, Larry Frye, a Recovery Specialist for TFC, attested that: (1) $27,163.79 in additional interest had accrued on RV Fun's principal balance of $340,108.36 during the time period from November 26, 2009, through November 30, 2010; and (2) TFC had incurred an additional $11,000.00 in bond costs during the time period from November 25, 2009, through November 20, 2010.  See Frye Aff. at 2.  Thus, the calculation of $85,771.42 for unpaid interest and fees is current through November 30, 2010.  In addition, the calculation of $39,994.31 for repossession and bond costs is current through November 20, 2010.

[2] The Court interprets this statement as a recommendation that judgment in this case be entered against RV Having Fun Yet Inc. rather than RV Having Fun Yet, Inc.

[3] The Court notes that Orenstein filed a letter (Doc. No. 104; Letter) on January 21, 2011, which the Court construed as a motion for appointment of counsel, and denied.  See Order (Doc. No. 105; January 25 Order) at 5.  In addition to seeking the appointment of counsel, in the Letter, Orenstein asserts that "[t]he dollars Textron is [sic] looking for is [sic] ridiculous and they owe me money."  Letter at 1.  TFC filed a response to the Letter on February 7, 2011, asserting that "[t]o the extent the District Court construes Defendant Orenstein's letter as an objection to the Report and Recommendation, TFC objects to Defendant Orenstein's unsupported conclusory statement that TFC is seeking an unreasonable sum as damages and that TFC owes Orenstein money."  Plaintiff's Response to Defendant Orenstein's Letter (Doc. No. 106; Response) at 3.  To the extent that Orenstein's Letter is an objection to the Report, it is too generalized to warrant specific de novo consideration of the Magistrate Judge's factual findings.  See Macort v. Prem, Inc., 208 F. App'x. 781, 784 (11th Cir. 2006) (per curiam); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."); see also U.S. v. Schultz, 565 F.3d 1353, 1361

(continued...)

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72(b), Federal Rules of Civil Procedure (Rule(s)), advisory committee's note (1983); see also Macort v. Prem, Inc., 208 F. App'x. 781, 784-85 (11th Cir. 2006) (per curiam). Therefore, if no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Based upon an independent examination of the record and a de novo review of the legal conclusions,[4] the Court will adopt Judge Morris' recommendations that: (1) judgment

---

[3](...continued)
(11th Cir. 2009) (per curiam); 28 U.S.C. § 636(b). Indeed, Orenstein must identify those portions of the factual findings in Judge Morris' Report of which he requests this Court's specific consideration. Schultz, 565 F.3d at 1361. "'This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'" Id. (quoting Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B 1982)). As Orenstein has failed to specifically identify any factual findings to which he objects, the Court need not conduct a de novo review of the factual findings in the Report.

[4] In the Report, Judge Morris cites Resolution Trust Corp. v. Hallmark Builders, Inc. for the proposition that "[i]n determining the . . . [amount of attorneys' fees] to which a party to a security agreement is entitled, courts in the Eleventh Circuit 'look to the law of the state in which the security instruments were executed,'" Report at 5-6 (quoting Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1148 (11th Cir. 1993)), and concludes that "Rhode Island state law applies in this instance," id. at 6. The Court notes that it does not have information regarding where the Agreement was executed. However, the Agreement provides that it "shall be governed, construed and enforced in accordance with the laws of the State of Rhode Island without reference to conflict of laws principles."
(continued...)

be entered in favor of TFC; and (2) TFC be awarded post-judgment interest at the statutory rate. In addition, the Court will correct the scrivener's error in the case caption, and will enter judgment against RV Having Fun Yet Inc. rather than RV Having Fun Yet, Inc.[5] However, due to the passage of time, prejudgment interest has continued to accrue on RV Fun's principal balance. Thus, the Court must adjust the recommended judgment amount of $532,359.91 to include such additional interest. As noted above, the recommended judgment amount consists in part of the unpaid interest that had accrued on RV Fun's principal balance of $340,108.36 as of November 30, 2010. See supra note 1. Since then, additional interest has accrued at a rate of $73.22 per day.[6] From November 30, 2010, through the date of this Order, August 2, 2011, two-hundred and forty-five (245) days have passed. Thus, an additional $17,938.90 in interest has accrued. Accordingly, this additional

---

[4](...continued)
Agreement at ¶ 16. Thus, in construing the attorneys' fees provision of the Agreement, Rhode Island law applies.

[5] TFC filed a Motion for Entry of Judgment as to Defendant RV Having Fun Yet Inc. (Doc. No. 89; Motion for Entry of Judgment) in which it informed the Court that it "has discovered that there is no comma in Defendant's name between 'Yet' and 'Inc.'" Motion for Entry of Judgment at 1 n.1. Thus, TFC requested that the Court correct RV Fun's "name in the judgment to eliminate the extraneous comma." Id. As noted above, Judge Morris recommends that the judgment in this case be entered against RV Having Fun Yet Inc. rather than RV Having Fun Yet, Inc. See Report at 12. None of the parties have objected to this recommendation. In addition, the Court's review of the Agreement reveals that RV Fun's full name does not contain a comma between "Yet" and "Inc." See Agreement at 12,15. Moreover, RV Fun's 2009 For Profit Corporation Annual Report indicates that RV Fun's name does not contain a comma between "Yet" and "Inc." See 2009 For Profit Corporation Annual Report available at http://www.sunbiz.org/scripts/cordet.exe?action=DETFIL&inq_doc_number=P06000049092&inq_came_from=NAMFWD&cor_web_names_seq_number=0000&names_name_ind=N&names_cor_number=&names_name_seq=&names_name_ind=&names_comp_name=RVHAVINGFUNYET&names_filing_type=. Accordingly, the Court will adopt Judge Morris' recommendation that judgment be entered against RV Having Fun Yet Inc. rather than RV Having Fun Yet, Inc.

[6] The per day interest amount of $73.22 is derived from the 7.75% interest rate on the outstanding principal balance of $340,108.36 divided over a 360 day year: ($340,108.36 X .0775) / 360. See Agreement at ¶ 4(a) (providing that "[i]nterest shall be calculated based upon a 360 day year . . . ."); Exh. 4 to Ryan Aff. (Doc. No. 70-7 at 87) (noting that interest is charged at a rate of 7.75% on the outstanding principal and that $73.22 in interest accrues each day).

amount is due to be added to the recommended judgment amount of $532,359.91, bringing the total judgment amount to $550,298.81.[7]

In light of the foregoing, it is

**ORDERED**:

Magistrate Judge Morris' Report and Recommendation (Doc. No. 102) is **ADOPTED** to the extent that by separate order, the Court will direct the Clerk of Court to enter **JUDGMENT** in favor of Plaintiff Textron Financial Corporation and against Defendants RV Having Fun Yet Inc. and Phillip Orenstein, jointly and severally, in the amount of $550,298.81, and for post-judgment interest at the statutory rate.

**DONE AND ORDERED** at Jacksonville, Florida, on August 2, 2011.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc15

Copies to:

Counsel of Record
Pro Se Parties

---

[7] The Court recognizes that the bond costs reflected in the Report are only current through November 20, 2010, and that TFC incurred additional bond costs after that date. However, the Court does not have adequate information available from which to calculate such costs. To the extent that TFC seeks a judgment for such costs, it may file a motion to amend the judgment supported by evidence establishing the amount of additional bond costs that it has incurred.